Schiller & Knapp, LLP
950 New Loudon Road
Latham, New York 12110

UNITED STATES BANKRUPTCY COURT
EASTERN OF NEW YORK
_____

*In re*:

    William D. Strein,
     a/k/a William Daniel Strein**,**            Chapter 7
                                                      Case No. 8-15-71844-las
                                                      HON. LOUIS A. SCARCELLA

                            Debtor.
_____

## MEMORANDUM OF LAW

### FACTS

This Chapter 7 bankruptcy case is before the Court on Motion of M&T Bank (hereinafter "M&T") a secured creditor, for relief from the automatic stay.

On November 19, 2001, Debtor and Doreen Strein borrowed $350,000.00 from M&T Bank. The indebtedness was evidenced by a note, which was secured by a mortgage on the aforesaid real property.

On April 24, 2003, Debtor and Doreen Strein borrowed $6,624.41 from M&T Bank. The indebtedness was evidenced by a note, which was secured by a mortgage on the aforesaid real property.

The aforementioned loans were consolidated to form a single lien in the amount of $348,000.00 by agreement dated April 24, 2003, as evidenced by the Consolidation, Extension and Modification Agreement.

According to the 362 worksheet executed by Courtney Isbrandt, a Banking Officer with M&T, the unpaid principal balance is $337,808.37 as of the date of filing. Based upon information provided by M&T the loan is contractually due for the May 2, 2013, biweekly mortgage payment. The following is a breakdown of the arrears as of May 15, 2015:

| | | | |
|---|---|---|---|
| a) | 16 bi-weekly payments @ $1,786.60 | = | $28,585.60 |
| b) | 26 bi-weekly payments @ $1,799.96 | = | $46,798.96 |
| c) | 12 biweekly payments @ 1,751.19 | = | $21,014.28 |
| d) | Total | = | $96,398.84 |

According to the Debtor's Schedule "D" the property is valued at $467,500.00. In light of M&T's lien and equity loan owed to Bank of America in the amount of $102,841.03, the accruing advance and interest there is little or no equity in the real property for the bankruptcy estate.

## POINT I

Bankruptcy Code Section 362(d) provides that:

"On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

(2) with respect to a stay of an act against property under subsection (a) of this section, if-

(A) the debtor does not have equity in such property; . . ."

Based on the Debtor's Schedule "D", M&T's debt exceeds the value of the Property and, therefore, M&T Bank is entitled to relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1).

The Debtor's failure to make regular mortgage payments as they become due constitutes "cause" to lift the automatic stay. *In Re Taylor*, 151 B.R. 646 (E.D.N.Y. 1993)

The Debtor is not making payments on their mortgage as required by the debt instrument. Between the interest that continues to accrue, the real property taxes and insurance, whatever equity might exist will decrease rapidly. Therefore, M&T's security interest is not adequately protected, constituting "cause" to terminate the automatic stay as it pertains to M&T's lien interest.

**WHEREFORE**, M&T respectfully requests that Motion be in all respects granted and that

M&T be awarded such other and further relief as the Court may deem just and proper.

DATED: June 22, 2015						Yours, etc.
										**SCHILLER & KNAPP, LLP**


								By:   /s/ Lisa Milas
									Lisa Milas, Esq.
									Attorneys for M&T Bank
									950 New Loudon Road
									Latham, New York 12110
									(518) 786-9069